UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JIMI GREENE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No.: 2:22-CV-137-TAV-CRW |
| | ) |
| MIKE FIELDER and | ) |
| AMANDA MOORE, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, an inmate currently housed in the Bledsoe County Correctional Complex, has filed a complaint under 42 U.S.C. § 1983 arising out of incidents that occurred while he was housed in the Hardin County Jail [Doc. 2], and a motion for leave to proceed *in forma pauperis* [Doc. 1]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**, and the Court will **TRANSFER** this action to the Eastern Division of the United States District Court for the Western District of Tennessee, which is the proper venue for Plaintiff's claims.

### I.    MOTION TO PROCEED *IN FORMA PAUPERIS*

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the $350.00 filing fee required by 28 U.S.C. § 1914(a). It appears from Plaintiff's motion and supporting documents that he is unable to pay the fee, and therefore, the motion to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**.

Because Plaintiff is a prisoner, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this procedure, the Clerk will be **DIRECTED** to provide a copy of this Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

**II.   VENUE**

As previously noted, Plaintiff's complaint asserts claims arising out of incidents that occurred in the Hardin County Jail, which is located in Savannah, Tennessee [Doc. 2]. The general venue statute for federal district courts provides in relevant part as follows:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)-(3). Plaintiff's complaint alleges the denial of medical care while housed in the Hardin County Jail, and Defendants are both employees of the Hardin County Jail. Hardin County lies within the Eastern Division of the United States District Court for the Western District of Tennessee. 28 U.S.C. § 123(c)(1). The Court therefore concludes that the proper venue for this case is the Eastern Division of the United States District Court for the Western District of Tennessee.

A federal district court may transfer a civil action to any district or division where it could have been filed originally "in the interest of justice." 28 U.S.C. § 1406(a). Accordingly, the Clerk will be **DIRECTED** to transfer this action to the Eastern Division of the United States District Court for the Western District of Tennessee, and to close this Court's file. The screening of Plaintiff's complaint under the PLRA will be taken up by the transferee court.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy; and

5. The Clerk is **DIRECTED** to **TRANSFER** this action to the Eastern Division of the Western District of Tennessee, and to **CLOSE** this Court's file.

**IT IS SO ORDERED.**

                                      s/ Thomas A. Varlan
                                      UNITED STATES DISTRICT JUDGE